UNITED STATES, Appellee,

v.

Private First Class Randy R. BARNES,
SSN 424–88–6990, United States
Army, Appellant.

CM 440813.

U. S. Army Court of Military Review.

18 Dec. 1981.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Robert C. Rhodes, JAGC, and
Captain Mary R. Brady, JAGC, were on the
pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John
T. Edwards, JAGC, and Major Michael L.
DeBusk, JAGC, were on the pleadings for
appellee.

Before CARNE, O'DONNELL and
FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for sixteen months, and total forfeitures. The convening authority approved the sentence but limited the total forfeitures to a period of sixteen months.

The victim of the robbery was a German taxi driver. After findings, the appellant, in an unsworn statement, said that he had robbed the taxi driver to obtain money to pay a debt incurred by his pregnant fiancee. She was indebted to a German heroin pusher, who had approached the appellant and told him that "something was going to happen" if the debt was not paid. Although already heavily in debt, the appellant promised to pay his fiancee's debt on the following payday, 30 November 1980. However, on the 25th of November, the man again approached the appellant at his place of duty and warned that "something bad

would happen" to his fiancee unless the debt was paid by the next day. The appellant did not report the threat to the police or military authorities.

In order to obtain the money, the appellant robbed a taxi driver on the night of 25 November 1980. He took 376 Deutsch Marks from the taxi driver, spent five marks for bus fare, paid his fiancee's debt, and surrendered the remainder of the taxi driver's money to the German police upon his apprehension.

The appellant contends that his unsworn statement rendered his plea of guilty improvident because it raised the defense of duress. We disagree.

■ The military judge is required to reject a plea of guilty if the accused "sets up matter inconsistent with the plea...." Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845 (1976). However, in order to rise to the level of inconsistency contemplated by Article 45, the matters presented must reasonably raise a defense. It is not sufficient that an accused present "the mere possibility that the defense exists." *United States v. Logan*, 22 U.S.C.M.A. 349, 350, 47 C.M.R. 1, 2 (1973).

■ Except for homicide, "a person cannot properly be convicted for committing an act for which he would otherwise be criminally responsible if his participation in it is caused by the degree of coercion or duress recognized in law as a defense." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 216f. The defense of duress is available where family members or other persons with whom the accused has a close relationship are endangered. *See United States v. Jemmings*, 1 M.J. 414 (CMA 1976); *United States v. Pinkston*, 18 U.S.C.M.A. 261, 39 C.M.R. 261 (1969).

■ However, duress is a defense only if there is a nexus between the threat and the crime committed. "If the accused has a reasonable opportunity to avoid committing the act without subjecting himself to the threatened danger, his act is not excusable." Manual for Courts-Martial, *supra*, paragraph 216f. We do not believe that duress is raised by evidence of coercion to pay a debt; there must be coercion to commit a criminal act. *See United States v. Jemmings, supra* (accused coerced to participate in housebreaking and theft); *United States v. Pinkston, supra* (accused coerced to steal and wrongfully appropriate government property); *United States v. Margelony*, 14 U.S.C.M.A. 55, 33 C.M.R. 267 (1963) (accused forced to sign worthless checks); *cf. United States v. Roby*, 23 U.S.C.M.A. 295, 49 C.M.R. 544 (1975) (accused failed to return to unit because of fear of further beatings by fellow soldiers); *United States v. Parker*, 10 M.J. 849 (NCMR 1981) (accused failed to return to ship because of threats of violence because of his homosexuality).

We are aware that in *United States v. Malone*, 46 C.M.R. 1079 (ACMR 1972), this Court held that a plea of guilty to robbery was improvident because the defense of duress was raised, even though the threat was part of a demand to pay a debt, not to commit robbery. We believe that the holding in *Malone* was overly broad, going beyond the language of paragraph 216f of the Manual for Courts-Martial, as well as the Court of Military Appeals decisions in *Pinkston* and *Margelony, supra*, upon which the *Malone* opinion relies. Furthermore, *Malone* was decided prior to *Logan, supra*, which rejected the premise on which *Malone* was based, *i.e.*, that the mere possibility of a defense is sufficient to require rejection of a guilty plea. Therefore, we decline to apply *Malone* to this case.

In this case duress would constitute a defense to the robbery if the appellant had been coerced to commit the robbery. However, his statements indicate only that he was coerced to pay a debt. He was not required to commit robbery in order to avoid the threat. He had ample opportunity to seek protection for himself and his fiancee. At most, the "mere possibility" of a defense was suggested by the appellant.

Accordingly, we conclude that the military judge was not required to conduct an additional inquiry of the appellant concern-

ing his plea nor was he required to set aside the plea of guilty.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DON-NELL concur.