UNITED STATES, Appellee,

v.

Specialist Four John CLAYTON, Junior, 258–86–8347, United States Army, Appellant.

ACMR 8600726.

U.S. Army Court of Military Review.

26 Feb. 1988.

For Appellant: Colonel John T. Edwards, JAGC, Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain Alfred H. Novotne, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before DeFORD, KANE, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

DeFORD, Senior Judge:

This case is before the court on remand from the United States Court of Military Appeals, *United States v. Clayton*, 25 M.J. 371 (C.M.A.1987), which reversed our initial decision affirming the findings of guilty and the sentence. *United States v. Clayton*, CM 8600726 (A.C.M.R. 30 April 1987) (unpub.). On remand, we are to further

consider this case in light of *United States v. Penister*, 25 M.J. 148 (C.M.A.1987).

The appellant was convicted by a military judge sitting as a general court-martial convened at Fort Stewart, Georgia, of wrongful distribution of cocaine in violation of Article 112a, Uniform Code of Military Justice, (hereinafter UCMJ) 10 U.S.C. § 912a (Supp. III 1985). He received an approved sentence that included a dishonorable discharge, confinement for five years, forfeiture of $500.00 per month for six months, and reduction to the grade of Private E–1.

Prior to trial, the appellant, through counsel, negotiated a pretrial agreement with the convening authority which provided that in return for the appellant's plea of guilty, the convening authority would disapprove confinement adjudged in excess of twenty-four (24) months. The agreement provided that the convening authority could approve any other lawful punishments adjudged. The agreement further provided several conditions including a provision that the appellant's plea of guilty must be accepted by the court and that either party could withdraw from the agreement as provided by Rule for Courts–Martial (hereinafter R.C.M.) 705(d)(5), Manual for Courts–Martial, United States, 1984.

At trial, pursuant to the pretrial agreement, appellant entered a plea of guilty to the charged offense. The military judge explained the elements of the offense and advised appellant that his plea of guilty would admit those elements. The appellant acknowledged that he understood those elements and the fact that his plea of guilty would admit that those elements were true. During a colloquy with the military judge, appellant stated that the government's confidential informant was a friend to whom he owed favors. He described how the informant had requested him to pick up the illicit drugs and that the informant had repeatedly reminded him of his obligation to repay the prior favors. Appellant stated "the informant kept imposing [sic] about me returning the favor." The military judge viewed the appellant's statements as raising the defense of entrapment and ad-vised counsel that he considered the plea to be improvident and refused to accept the plea. Trial defense counsel requested that he be given a moment to discuss the matter with trial counsel, however, the trial judge ignored this request. The judge then asked trial defense counsel if he was going to enter a plea of not guilty. Trial defense counsel responded that the appellant desired to plead guilty, however, at the urging of the military judge he entered a plea of not guilty. In his subsequent trial on the merits, appellant raised the defense of entrapment. He was found guilty and sentenced, *inter alia,* to five (5) years confinement.

Initially, appellate defense counsel allege the military judge abused his discretion by rejecting appellant's plea of guilty. The thrust of their allegation is that when the military judge suspected the possibility of a defense, his duty under R.C.M. 910(e) was to inquire further, which he failed to do. They further assert appellant should be placed in the same place he was prior to rejection of his plea. They argue this court should authorize a rehearing wherein no sentence to confinement greater than twenty-four (24) months may be approved.

 Government appellate counsel now allege that appellant is entitled to the benefit of his pretrial agreement, but that a rehearing on sentence is not warranted and that this court should reassess the sentence limiting the confinement to 24 months. We hold that appellant is entitled to the benefit of his pretrial agreement. However, reassessment of the sentence will satisfy the law and ensure that appellant receives the benefit of his pretrial agreement.

Article 45(a), UCMJ, 10 U.S.C. § 845(a), provides, in part, "[i]f an accused after arraignment makes an irregular pleading, or after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered a plea of guilty improvidently or through lack of understanding of its meaning and effect, ..., a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." In addition, R.C.M.

910(e) provides that "the military judge shall not accept a plea of guilty without making such inquiry of an accused as shall satisfy the military judge that there is a factual basis for the plea....." The discussion following R.C.M. 910(e) states "[a] plea of guilty must be in accord with the truth. Ordinarily the elements should be explained to the accused. If any potential defense is raised by the accused's account of the offense or by other matters presented to the military judge, the military judge should explain such a defense to the accused and should not accept a plea of guilty to it without an affirmative waiver by the accused...."

■ The above discussion regarding R.C.M. 910(e) conforms to the prior decision of *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976). In *Jemmings* the court noted that where the providence inquiry suggests a possible defense to the offense charged, the military judge is well advised to clearly and concisely explain the elements of the defense in addition to securing a factual basis to insure the defense is not available. *Jemmings*, 1 M.J. at 418; *see also United States v. Collins*, 17 M.J. 901 (A.F.C.M.R.1983) *petition denied*, 18 M.J. 292 (C.M.A.1984); *United States v. Ticky*, 50 C.M.R. 526, 527 (N.C.M.R.1975). Furthermore, in order for an accused's statements to rise to the level of an inconsistency as contemplated by Article 45, UCMJ, the matter presented must reasonably raise a defense, not the mere possibility that a defense exists. *United States v. Barnes*, 12 M.J. 779, 780 (A.C.M.R.1981), *petition denied* 13 M.J. 207 (C.M.A.1982), citing *United States v. Logan*, 47 C.M.R. 1, 2 (C.M.A.1973).

The mandate this court received from the United States Court of Military Appeals requires us to consider this case in light of their recent decision in *United States v. Penister*, 25 M.J. 148 (C.M.A.1987). There, the accused pleaded guilty to assault with the intent to commit grievous bodily harm. The military judge rejected the plea of guilty as improvident. Thereafter, the con-

vening authority withdrew the case from a special court-martial and rereferred it to a general court-martial where the appellant was convicted of the lesser included offense of assault with a dangerous weapon. Upon initial review, the Navy–Marine Corps Court of Military Review concluded the appellant had been prejudiced by rejection of his guilty plea because the initial assault charges had been referred to a special courts-martial: subsequent referral to a general court-martial denied him the benefit of his pretrial agreement. *Penister*, 25 M.J. at 152–3.

On certification, the Court of Military Appeals held that the military judge's rejection of the guilty plea was influenced by the fact that appellant had heavily imbibed in alcoholic beverages and could not recall shooting the victim, notwithstanding the fact that appellant had convinced the judge that he was not so intoxicated that he was precluded from forming the requisite specific intent. The judge, however, denied the plea on the basis that the accused was not personally convinced that he intended to inflict grievous bodily harm upon the victim. The court held the trial judge's denial was improper because appellant could have pled guilty even though he could not recall the actual shooting of the victim if he was convinced of his guilt based on reliable evidence. *Penister*, 25 M.J. at 152. The court further held that the convening authority could not lawfully withdraw from the pretrial agreement under these circumstances[1] and that Penister was entitled to the "benefit of his bargain" inasmuch as he had done all he could do to fulfill the terms of his pretrial agreement. *Penister*, 25 M.J. at 152–3. Notably, the court found a remedy was available to correct the error by disapproving so much of the sentence as exceeded the sentence that could lawfully be imposed by a special court-martial as provided by the pretrial agreement.

■ We believe that in light of *United States v. Penister*, the military judge precipitously and improperly rejected appel-

---

1. The court's determination that the convening authority erred in withdrawing from the pre- trial agreement was based on the premise that that act was a violation of R.C.M. 705(d)(5)(B).

lant's plea of guilty without determining what was meant by the appellant's statement that the confidential informant "[k]ept imposing [sic] about me returning the favor". The fact that the informant on several occasions may have asked the appellant to assist him in carrying the illegal drugs as return favor does not, *per se*, create the affirmative defense of entrapment. In fact, the foregoing statement did not raise that affirmative defense as there was no statement showing that the appellant had no predisposition to commit the offense.[2] See *United States v. Vanzandt*, 14 M.J. 332 (C.M.A.1982).

As Judge Cox noted in his concurring opinion in *Penister*, 25 M.J. at 153: "We should not overlook human nature as we go about the business of justice. One aspect of human beings is that we rationalize our behavior and, although sometimes the rationalization is 'inconsistent with the plea' more often than not it is an effort by the accused to justify his misbehavior." We view the appellant's statement here as an effort to minimize his own misbehavior.

Thus, as in *Penister*, the appellant was denied the benefit of a pretrial agreement by the precipitous and improper action of the military judge in arbitrarily refusing to accept the plea of guilty and the subsequent improper withdrawal from the pretrial agreement by the convening authority in violation of R.C.M. 705(d)(5). Reassessment of the sentence will cure the prejudicial effect of the errors. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986); *United States v. Bullington*, 13 M.J. 184 (C.M.A. 1982); *United States v. Bashaw*, 6 M.J. 179 (C.M.A.1979).

The findings of guilty are again affirmed. Reassessing the sentence based upon the foregoing errors and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for 24 months, forfeiture of $500.00 pay per month for six (6) months, and reduction to the grade of Private E–1.[3]

Judge KANE and Judge SMITH concur.

---

2. When similar circumstances arise during the providence inquiry, it is better practice for the trial judge to follow the advice set forth in *United States v. Jemmings*, 1 M.J. 414 (C.M.A. 1976). However, in order to raise inconsistent matter within the meaning of Article 45, UCMJ, the appellant's statements must be the equivalent of raising a defense, not merely an element or part of a defense.

3. As noted, the appellant had negotiated a pretrial agreement with the convening authority which in return for appellant's plea of guilty to the charge and its specifications, the convening authority agreed to disapprove all confinement adjudged which was in excess of 24 months. The convening authority could, in his discretion, approve any other lawful punishment adjudged.