## UNITED STATES

### v.

### Senior Airman Danny E. LOGAN, FR 413–11–4077, United States Air Force.

### ACM 28395.

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Dec. 1989.

Decided 20 Nov. 1990.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## DECISION

LEONARD, Senior Judge:

Senior Airman Logan pleaded guilty to and was convicted of being absent without leave for 18 days, wrongfully using cocaine, and uttering five checks totalling $590 and thereafter dishonorably failing to maintain sufficient funds for payment of the checks upon presentment. He was sentenced by a military judge to a bad conduct discharge, confinement for 15 months, forfeiture of $350 pay per month for 15 months and reduction to airman basic. On appeal, he asserts his pleas were improvident because the providency inquiry did not resolve the issue of his sanity. We disagree and find his pleas provident.

Appellant's assertion that his pleas were improvident is based on matters that arose during presentencing when the defense attempted to present extenuation and mitigation evidence concerning appellant's mental condition.

Before trial, appellant's counsel had requested an inquiry into the mental capacity and mental responsibility of his client pursuant to R.C.M. 706. In response to this request, the convening authority ordered a mental examination of appellant. The results of the mental examination were provided to appellant's counsel in the form of a Medical Board Report (Air Force Form 618) and a letter that provided more detail as to the Board's determinations. Both documents concluded that appellant was suffering from a mental disease or defect, that he did not lack substantial capacity to appreciate the criminality of his conduct, and that he lacked the mental capacity to form a specific intent. The Air Force Form 618 also contained the determination that the mental disease or defect caused appellant to lack substantial capacity to conform his conduct to the requirements of law.[1]

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni and Captain Leonard R. Rippey.

1. The form used was the March 1979 version and predated the enactment of Article 50a, UCMJ, 10 U.S.C. § 850a, in the National Defense Authorization Act of 1987, which changed the

According to the trial defense counsel's representations at trial and to the convening authority after trial, he realized that the mental examination results did not provide a mental responsibility defense. However, he decided to present evidence of the board's determinations as matters in extenuation and mitigation for appellant. Further, to make the evidence more effective, he decided to present the testimony of one of the members of the board that conducted the inquiry. With some difficulty,[2] he finally arranged for the junior member of the board, a Captain Cole, to testify at appellant's trial. Just before her testimony and during the trial proceedings, the trial defense counsel was provided a revised Air Force Form 618. This revised form was allegedly accomplished to correct "an oversight on the part of the board members for not noticing that the wrong column in Items A and C above were checked."

The item A referred to was the determination of whether the appellant was suffering from a mental disease or defect. Item C was the determination of whether the disease or defect caused the appellant to lack the substantial capacity to conform his conduct to the requirements of law. Both items had been changed from a "yes" on the original form to a "no" on the revised form. The revised form was dated 14 December 1989, which was the same day as appellant's trial.

Despite the change to the board's determinations, the defense offered into evidence the original Air Force Form 618 board report, the letter stating the board's determinations, and the revised Air Force Form 618 board report. The defense also called Captain Cole as a witness. She testified that the original form had been a mistake that had been overlooked by all three board members and the hospital commander when he approved the board's recommendation. She could not explain why the letter from the board also contained the determination that appellant had a mental disease or defect at the time of the offenses. However, when pressed, she admitted that the board's diagnosis of appellant was that he suffered from cocaine dependence, alcohol abuse, and a depressive disorder that technically would qualify as a mental disorder or disease. She also testified that the board stood by its earlier determination that appellant's mental disorders would have deprived him of the ability to form a specific intent.

■ Appellant maintains that Captain Cole's testimony and the conflicting reports of the board which performed his sanity inquiry raises an inconsistency with his pleas of guilty. He asks that we set aside his pleas as improvident or direct that a new mental examination be accomplished. We decline to do either.

■ To order another mental examination we must determine that a "substantial question" is raised on appeal either as to the requisite mental capacity or mental responsibility of the appellant. *United States v. Massey*, 27 M.J. 371 (C.M.A.1989); R.C.M. 1203(c)(5). Unless substantial evidence to the contrary is presented, an accused is presumed to possess the requisite mental responsibility at the time of the alleged offenses. R.C.M. 916(k)(3)(A). The burden is on the defense to prove a defense of lack of mental responsibility by clear and convincing evidence. Article 50a(b), UCMJ. Further, in order to find a plea of

standards for a defense of lack of mental responsibility. That change was incorporated into a revision of R.C.M. 706, applying to any offense committed on or after 14 November 1986. Executive Order 12586, 3 March 1987. Those changes deleted the requirement for a sanity inquiry to make a determination of an accused's capacity to conform his conduct to the requirements of law.

**2.** In his response to the staff judge advocate's recommendation, the trial defense counsel recounted the problems he encountered in finding a board member who was willing to testify. The two more senior members, Lieutenant Colonels Francisco and Rao, both claimed they were not familiar enough with the case to testify. Initially Captain Cole claimed her schedule was too busy to allow her testimony. Later she claimed she was feeling ill and would not be able to make the trial date. After trial defense counsel informed trial counsel and the military judge that he wished a delay until such time as Captain Cole's health would allow her to testify, he was informed that Captain Cole would be able to testify on the scheduled trial date.

guilty improvident, we must find appellant has presented matters which reasonably raise a defense, not just the mere possibility of a defense. *United States v. Clark,* 28 M.J. 401, 407 (C.M.A.1989); *United States v. Logan,* 22 U.S.C.M.A. 349, 351, 47 C.M.R. 1, 3 (1973); *United States v. Clayton,* 25 M.J. 888, 890 (A.C.M.R.1988), *pet. denied,* 27 M.J. 18 (C.M.A.1988). Finally, when the alleged inconsistency involves evidence of lack of mental responsibility—an issue on which the accused has the burden of proof—it may be argued that the defense was waived by a failure to assert it before making the plea.[3]

We find that none of the evidence introduced by the defense during the presentencing portion of appellant's trial created an inconsistency that reasonably raised a defense for appellant. Although the report of appellant's mental examination was changed, none of the versions of the report provided appellant a mental responsibility defense. The *original* report specified that he was suffering from a mental disease or defect at the time he committed the offenses, but determined that the mental disease or defect did not cause him to lack the substantial capacity to appreciate the criminality of his conduct. The *revised* report stated that he was not suffering from a mental disease or defect. Finally, Captain Cole's testimony admitted that, if the strict technical definition were applied, a mental disorder or disease was present. However, for a mental disease or defect to constitute a defense for appellant, it must have affected his ability to appreciate the nature and quality or wrongfulness of his acts. R.C.M. 916(k)(1). It is clear that none of the reports, the letter, or Captain Cole's testimony raised any possibility that appellant was so impaired.

All versions of the sanity inquiry report, the letter, and Captain Cole's testimony confirmed that appellant did not have the mental capacity to form a specific intent.

However, none of the offenses to which appellant entered a plea of guilty required a specific intent as an element of proof. MCM, Part IV, paragraphs 10b, 37b, 68b (1984). Therefore, no inconsistency was created with appellant's pleas by this evidence.

The original report's determination that appellant lacked the substantial capacity to conform his conduct to the requirements of law provided no defense for appellant. This determination would have offered a mental responsibility defense prior to the addition of Article 50a to the UCMJ.[4] However, appellant's offenses were committed after the effective date of Article 50a and would be governed by the revised mental responsibility standard which does not include a determination of whether an accused can conform his conduct to the requirements of law. Article 50a(a), UCMJ; R.C.M. 916(k)(1).

Finally, we find no merit in appellant's claim that changes to the determinations of his sanity inquiry prevented him from fully developing his mitigation and extenuation evidence during presentencing. The military judge who sentenced appellant was provided all the evidence concerning appellant's mental condition including both reports, the board's letter, and the testimony of Captain Cole. In fact, the confusion concerning the results of appellant's mental examination provided the defense with an opportunity to develop the mitigation and extenuation aspect of this evidence more extensively than would have otherwise been available.

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Ac-

---

3. Chief Judges Everett and Holdaway presented such a theory of waiver in the *Clark* case. *See* 28 M.J. at 407; 26 M.J. 589 at 596; R.C.M. 907(b)(2)(B); R.C.M. 916(k)(3)(A) and (C).

4. Prior to the enactment of Article 50a, UCMJ, and the issuance of Executive Order 12586, 3 March 1987; R.C.M. 916(k) provided that a lack of substantial capacity to conform conduct to the requirements of law could constitute a mental responsibility defense.

cordingly, the findings of guilty and sentence are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.