UNITED STATES

v.

**Justin W. DOUGHMAN, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 200200413.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 17 May 2000.

Decided 27 Sept. 2002.

LT M. Eric Eversole, JAGC, USNR, Appellate Defense Counsel.

LT Lars C. Johnson, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, RITTER, and FINNIE, Appellate Military Judges.

RITTER, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence and wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a. The appellant was sentenced to confinement for 45 days, forfeiture of $670.00 pay per month for 1 month, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

We have carefully considered the record of trial, the single assignment of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

**Failure to Consider Clemency Matters**

The appellant contends that the convening authority failed to consider the matters in clemency submitted by his trial defense counsel on 28 March 2001. Appellant's Brief of 9 May 2002 at 2. The Government responds that the matters were not timely submitted, so the convening authority had no obligation to consider them. Government's

Brief of 24 May 2002 at 2–3. Alternatively, the Government argues that there is no evidence that the convening authority did not consider the submission, and even if the convening authority did not consider the submission, the appellant was not prejudiced. *Id.* at 3–4.

■ Article 60, UCMJ, 10 U.S.C. § 860, affords an accused the right to submit matters for the convening authority's consideration, prior to the convening authority taking action on the case. *See also* RULE FOR COURTS MARTIAL 1105, MANUAL FOR COURTS MARTIAL, UNITED STATES (2000 ed.). With this statutory right, invoked before this Court by the appellant, also comes a responsibility: to submit such matters in a timely fashion. Both Article 60, UCMJ, and R.C.M. 1105 clearly require that matters in clemency be submitted within 10 days of service of the record of trial or the staff judge advocate's recommendation (SJAR), whichever is later, unless an extension is sought and granted. *See* Art. 60(b), UCMJ; R.C.M. 1105(c)(1). Failure to comply with these provisions is deemed a waiver of the right to submit matters to the convening authority. *See* R.C.M. 1105(d)(1).

In this case, the appellant's trial defense counsel was served with the authenticated record of trial on 14 December 2000, and with the SJAR on 8 March 2001.[1] Although the trial defense counsel indicated that he would submit comments or corrections within 10 days of accepting service of the SJAR, the clemency petition was not submitted until 28 March 2001. There is nothing in the record of trial documenting that an extension was requested by the defense or granted by the convening authority. On these facts, the rules are clear that the right to submit matters in clemency was waived. *See United States v. Tyndale,* 51 M.J. 616, 622 (N.M.Ct. Crim.App.1999), *aff'd,* 56 M.J. 209 (2001).

■ Assuming *arguendo* that an extension was granted, we would still find no prejudicial error in this case. As the Government correctly points out, our superior

---

1. The appellant requested service of his copies of these documents upon his trial defense counsel.

Appellate Exhibit III at 3.

Court has made it clear that a convening authority is not required to list all matters he or she considered prior to taking action in a case. *See United States v. Stephens,* 56 M.J. 391, 392 (2002). In the absence of evidence to the contrary, we will presume that the convening authority has considered clemency matters submitted by the appellant prior to taking action. *See United States v. Zaptin,* 41 M.J. 877, 881 (N.M.Ct.Crim.App.1995). Where the clemency petition is attached to the record as required and predates the convening authority's action, there is "more than a mere presumption that the [convening authority] considered the appellant's petition." *Id.* That is the situation presented here. Although the appellant's clemency petition was not submitted until 28 March 2001, the convening authority did not take his action until 23 April 2001. The appellant's clemency petition is properly attached to the original record of trial with the other post-trial documents. The appellant's argument would essentially create a requirement that the convening authority expressly state when he or she has considered a clemency petition. While we believe that to be a sound practice, it is not required either by statute or rule, as expressly pointed out by our superior Court in *Stephens.*

### Conclusion

Accordingly, we affirm the findings and sentence, as approved on review below.

Chief Judge LEO and Senior Judge FINNIE concur.