### UNITED STATES

v.

**Adam J. WILLIAMS, Lance Corporal (E–3), U.S. Marine Corps.**

NMCCA 200400226.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 24 June 2002.

Decided 31 May 2005.

Maj J.Ed Christiansen, USMC, Appellate Defense Counsel.

CDR Michael Wentworth, JAGC, USNR, Appellate Defense Counsel.

Lt Deborah S. Mayer, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, SUSZAN, and HARRIS, Appellate Military Judges.

SUSZAN, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his plea, of wrongful distribution of a controlled substance (ketamine), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The appellant was sentenced to a bad-conduct discharge, reduction to pay grade E–1, and confinement for 60 days. The convening authority (CA) approved the sentence as adjudged. A pretrial agreement had no effect.

We have carefully examined the record of trial, the appellant's three assignments of error asserting that his guilty plea was improvident because information before the court raised the defense of entrapment, that the CA failed to consider matters in clemency prior to taking action, and that his sentence is inappropriately severe. We have also considered the Government's answer. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

On the evening of 22 February 2002, the appellant was at a nightclub with a friend. At some point during the evening the appellant's friend introduced him to two females. The appellant was interested in getting to know the two females because they were close to his age and he considered them very attractive. The females were Naval Criminal Investigative Service (NCIS) special agents working undercover. The undercover agents told the appellant they were interested in getting "pills," which the appellant understood to mean the drug "ecstasy." Record at 20–21. After the undercover agents asked the appellant to find some pills for them, he went around the club but was unable to find anyone with ecstasy. He returned to the undercover agents and explained that he did find someone willing to sell the drug ketamine. The undercover agents agreed to purchase the ketamine and the appellant completed the transaction for the undercover agents using $40.00 they had given him for this purpose.

## Improvident Plea

In his first assignment of error the appellant asserts that his plea was improvident because he raised the defense of entrapment. *See* RULE FOR COURTS-MARTIAL 910(e) and (h)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). We disagree.

We start with the premise that the appellant has the right to offer a guilty plea, and to do so pursuant to a pretrial agreement. Art. 45, UCMJ, 10 U.S.C. § 845; R.C.M. 705(b)(1) and 910(a)(1). In this regard we are mindful that "a provident plea of guilty is one that is knowingly, intelligently and consciously entered and is factually accurate and legally consistent." *United States v. Watkins*, 35 M.J. 709, 712 (N.M.C.M.R.1992)(citing *United States v. Sanders*, 33 M.J. 1026 (N.M.C.M.R.1991)). Furthermore, "the accused must be convinced of, and able to describe all the facts necessary to establish guilt." R.C.M. 910(e), Discussion. A factual basis is required for a military judge to accept an accused's guilty plea and the military judge is required to question an accused to establish this factual basis. *United States v. Chambers*, 12 M.J. 443, 444 (C.M.A.1982); *United States v. Care*, 40 C.M.R. 247, 253, 1969 WL 6059 (C.M.A.1969); *United States v. Williamson*, 42 M.J. 613, 615 (N.M.Ct.Crim.App.1995).

■ The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law and fact for questioning the plea. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). Rejection of the plea "must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty. The only exception to the general rule of waiver arises when an error prejudicial to the substantial rights of the appellant occurs." *United States v. Dawson,* 50 M.J. 599 (N.M.Ct.Crim.App.1999)(citing R.C.M. 910(j)); *see* Art. 59(a), UCMJ.

In our review of the record, we find that the military judge accurately listed the elements and defined the terms contained in the elements of the offense to which the appellant pled guilty. We also find that the appellant indicated an understanding of the elements of the offense and the legal definitions, and stated that they correctly described the offense he committed.

After findings were entered, the appellant indicated in his unsworn statement that he had worked at the club as a bouncer and believed the females were aware of this and thought he knew the "ins and outs" of the club. He repeated that he found the females attractive, that they were the ones who broached the subject of finding illegal drugs, that he made no profit in the transaction and that he did not use drugs that night.

During sentencing argument the trial defense counsel emphasized the fact that the NCIS undercover agents were scantily clad and had induced the appellant into committing the illegal transaction by romantically tempting him. The military judge interrupted counsel's argument and the following discussion ensued:

MJ: Let me say with regard to that, have you, Lieutenant Crass, researched all possible defenses regarding that? Because obviously, that could have a major impact on why he decided to do this.

DC: I absolutely have, ma'am, and I feel that, after my research, that it's more appropriate to make it in a sentencing argument rather than a defense in a court-martial.

Record at 48.

■ "It is a defense that the criminal design or suggestion to commit the offense originated in the Government and the accused had no predisposition to commit the offense." R.C.M. 916(g). "If an accused after ... a plea of guilty sets up matter inconsistent with the plea, ... the court shall proceed as though he had pleaded not guilty." Art. 45(a), UCMJ. However, a plea should not be rejected based simply on the possibility of a defense. *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996). We find that the trial defense counsel's characterization of the facts does not constitute matter inconsistent with the plea.

■ Our superior court has defined the defense of entrapment as having two elements: Government inducement and an accused with no predisposition to commit the offense. *United States v. Howell,* 36 M.J. 354, 358 (C.M.A.1993)(citing *United States v. Whittle,* 34 M.J. 206, 207–08 (C.M.A.1992)). We find that the appellant's stated motive for committing the offense, i.e., wanting to get to know the two attractive females, was insufficient to raise the defense of entrapment and reject an otherwise provident plea.

■ It is undisputed that the suggestion to commit the offense originated with the Government undercover agents, but that is only the first element of the defense. We are unable to discern anything in the record suggesting that the appellant was not predisposed to commit the offense. The appellant's assertion in his unsworn statement that he had no motive to profit from the transaction or use the acquired drugs, does not equate to a lack of predisposition to commit the offense.

The appellant's familiarity with the "ins and outs" of the club and his understanding that the undercover agents' reference to "pills" meant the illegal drug "ecstasy" are factors that point more toward a predisposition rather than a lack of predisposition on his part. The appellant admitted that he sought out the illegal drugs in the club. He did not indicate that he received or needed

any instructions or further prompting by the undercover agents to accomplish this task. He also admitted that he knew the drug he purchased for the undercover agents was illegal, that the distribution was illegal, and that he could have avoided making the distribution if he so desired.

We conclude that the potential defense of entrapment was not raised and that the factual basis for the appellant's plea was undisturbed. *See United States v. Lubitz,* 40 M.J. 165, 167–68 (C.M.A.1994)(holding Government agents merely affording opportunity and the appellant's familiarity with where drugs could be purchased supported rejection of entrapment defense).

We are convinced that the providence inquiry established that the appellant believed he was guilty and that the factual circumstances revealed by him objectively support his guilty plea. We also find that the appellant's stated motive for committing the offense did not conflict with any of the factual circumstances revealed by him in support of his guilty plea. *See United States v. Garcia,* 44 M.J. 496, 497–98 (C.A.A.F.1996)(holding appellate court will not reject the plea unless it finds substantial conflict between plea and the appellant's statements or other evidence of record). Therefore, we conclude that the appellant's guilty plea was provident and decline to grant relief.

### Failure to Consider Clemency Matters

In his second assignment of error the appellant contends that the CA failed to consider the matters in clemency submitted by his trial defense counsel pursuant to R.C.M. 1105 on 31 October 2003. We disagree.

The staff judge advocate's recommendation was submitted to the CA on 20 January 2004 without mentioning the 31 October 2003 clemency request. The trial defense counsel noticed this and faxed a copy of the clemency request to the CA's staff judge advocate (SJA) to ensure the CA would consider it before taking action in the case. The SJA forwarded the clemency request to the CA on 3 February 2004, along with the forwarding memo of the trial defense counsel, and advised the CA that he was required to consider the clemency request prior to taking action in the case. The matters in clemency were included in the record. The CA took action on 12 February 2004 and noted that he had considered the record of trial and the advice of the SJA prior to taking action.

Our superior court has made it clear that the CA is not required to list all matters considered prior to taking action in a case. *See United States v. Stephens,* 56 M.J. 391, 392 (C.A.A.F.2002). The matters in clemency were forwarded by the SJA to the CA with the advice that he was required to consider these matters prior to taking his action and are attached to the record. Absent any evidence to the contrary, we will presume that the CA considered the clemency request prior to taking action in the appellant's case. *United States v. Doughman,* 57 M.J. 653, 655 (N.M.Ct.Crim.App.2002), *rev. denied,* 58 M.J. 184 (C.A.A.F.2003). Therefore, we decline to grant relief.

### Sentence Appropriateness

Finally, in his third assignment of error, the appellant contends that his sentence is inappropriately severe. He characterizes his drug distribution offense as merely a "gentlemanly, albeit illegal, courtesy" extended as a result of his "romantic interest" in the undercover agents. Appellant's Brief of 17 May 2004 at 10. We are unable to romanticize the appellant's drug offense. After reviewing the entire record, we conclude that the sentence is appropriate for this offender and his offense. *United States v. Healy,* 26 M.J. 394, 395 (C.M.A.1988); *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A.1982). Therefore, we decline to grant relief.

### Conclusion

Accordingly, the findings and the sentence, as approved by the convening authority, are affirmed.

Senior Judge PRICE and Judge HARRIS concur.