# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600307

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### JOSHUA J. MCCALLON
Corporal (E-4), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 1st Marine Aircraft Wing, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Christopher W. Pehrson, USMC.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC, USN.
For Appellee: Major Cory A. Carver, USMC.

———————————

Decided 27 April 2017

———————————

Before CAMPBELL, HUTCHISON, and BELSKY, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of making a false official statement and assault consummated by a battery, in violation of Articles 107 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907 and 928. The military

judge sentenced the appellant to six months' confinement, reduction to pay grade E-1, a reprimand, forfeiture of $1,433.00 pay per month for 12 months, and a bad-conduct discharge. As a corrective action, the convening authority (CA) disapproved forfeitures in excess of $1,044.00 pay per month for 12 months and, as a matter of clemency, he disapproved the reprimand. The CA then approved the remaining sentence as adjudged and, with the exception of the punitive discharge, ordered the sentence executed.

Upon our review of the case, submitted without assignment of error, we specified whether the appellant received the effective assistance of counsel in his post-trial representation when trial defense counsel requested relief that the CA had no authority to grant since the 2014 amendments to Article 60, UCMJ. After considering the parties' responsive pleadings and the record of trial, we find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The CA originally referred a specification of abusive sexual contact, in violation of Article 120(d), UCMJ, to a general court-martial, alleging that the appellant performed oral sex on Lance Corporal (LCpl) J.A., USMC, while she was asleep, unconscious, or otherwise unaware of the contact. Ultimately, the appellant pleaded guilty at a special court-martial to committing an assault consummated by a battery for unlawfully touching LCpl J.A.'s "pelvic area with his face,"[1] and to violating Article 107, UCMJ, for later attempting to deceive law enforcement about the encounter.

In his initial post-trial clemency submission, filed 1 July 2016, trial defense counsel requested that the CA disapprove the appellant's adjudged bad-conduct discharge and "remaining confinement."[2] The 7 July 2016 staff judge advocate's recommendation (SJAR), apparently submitted prior to receipt of the trial defense counsel's clemency request, encouraged the CA to approve the sentence as adjudged.[3] An addendum to the SJAR, dated 3 August 2016, acknowledged the 1 July 2016 clemency request without commenting on the part of the requested relief—disapproval of the punitive discharge—exceeding the CA's clemency powers. It recommended correcting the erroneous adjudged forfeitures amount and disapproving the reprimand.

In response to the SJAR addendum, trial defense counsel submitted a second clemency request on 12 August 2016. It renewed the request for the

---

[1] Charge Sheet.

[2] Trial Defense Counsel Clemency Request dtd 1 Jul 2016 at 1-2.

[3] SJAR of 7 Jul 2016 at 1. The SJAR specifically notes that "[p]ost-trial matters by [the appellant would] be provided when received."

CA to disapprove the appellant's punitive discharge and asked that, instead of disapproving the reprimand, the CA approve that punishment "as a constant and continued reminder of the mistakes [the appellant] made during his time in the Marine Corps, while also not limiting [the appellant's] prospects going forward in life . . . ."[4] This second clemency submission did not renew the initial request to disapprove any remaining confinement.

## II. DISCUSSION

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). This guarantee includes the right to effective counsel during the post-trial process. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). To establish a claim of ineffective assistance of counsel, an appellant must demonstrate: (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citations omitted). However, when evaluating claims of post-trial ineffective assistance of counsel, we must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). We review *de novo* whether an appellant was deprived the effective assistance of counsel at the post-trial stage. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012).

Here, the CA did not have the authority, under Article 60, UCMJ, to disapprove the appellant's bad-conduct discharge since the appellant pled guilty to offenses which occurred after 24 June 2014. *United States v. Kruse*, 75 M.J. 971, 973 (N-M. Ct. Crim. App. 2016). Thus, trial defense counsel undoubtedly erred when he requested, not once but twice, that the CA disapprove the appellant's discharge. However, we need not decide whether this error amounted to constitutionally deficient performance because the appellant has made no colorable showing of possible prejudice, and therefore is entitled to no relief. *Datavs*, 71 M.J. at 424 (stating that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant," for "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we

---

[4] Trial Defense Counsel Clemency Request of 12 Aug 2016 at 2.

expect will often be so, that course should be followed.") (citations and internal quotation marks omitted).

The appellant argues that the manner in which trial defense counsel handled clemency prejudiced him because: (1) the request to disapprove the punitive discharge undermined trial defense counsel's credibility with the CA; and (2) trial defense counsel failed to put forward a legitimate request that the CA disapprove any remaining confinement. The appellant concludes that these errors effectively resulted in the trial defense counsel asking for no clemency at all. We disagree.[5]

First, despite his erroneous request that the CA disapprove the appellant's discharge, the trial defense counsel *did* request that the CA disapprove all of the appellant's remaining confinement.[6] Since the appellant's adjudged sentence included only six months' confinement, the CA was indeed authorized to grant such a request. Art. 60, UCMJ. Additionally, since the CA specifically acknowledged consideration of the appellant's 1 July 2016 clemency request before taking action on the sentence, we are confident the CA was aware that he could grant a reduction in the appellant's sentence and simply chose not to exercise that discretion. *See United States v. Doughman*, 57 M.J. 653, 655 (N-M. Ct. Crim. App. 2002) (stating that "[i]n the absence of evidence to the contrary, we will presume that the convening authority has considered clemency matters submitted by the appellant prior to taking action.").

Additionally, we do not find that the trial defense counsel's erroneous request concerning the punitive discharge undermined his credibility with the CA since there is no evidence in the record of trial that the CA was made aware that this was an erroneous request. On this point, we note that the SJA failed to clarify in the SJAR, or the SJAR addendum, that the CA was not permitted to disapprove the punitive discharge. Therefore, it appears the

---

[5] We are compelled to note that the appellant did not submit with his brief an affidavit alleging prejudice suffered from trial defense counsel's error. When addressing concerns of ineffective assistance of counsel in the post-trial process, the record of trial, alone, will rarely contain evidence of prejudice. Consequently, in order for us to be able to thoroughly evaluate such claims for prejudice, it is often incumbent upon an appellant to submit an affidavit setting forth how counsel's deficient performance prejudiced him. *See United States v. Lewis*, 42 M.J. 1, 4-5 (C.A.A.F. 1995).

[6] We acknowledge that it is unclear to what extent, if any, trial defense counsel abandoned this request, since the second clemency submission, while it again asked the CA to disapprove the bad-conduct discharge, neither renewed the request to disapprove any remaining confinement nor referenced that aspect of the original clemency submission.

CA believed he could disapprove the punitive discharge and chose not to do so.

Finally, we are further convinced that the appellant suffered no prejudice based upon his pretrial agreement not only reducing the forum from a general to a special court-martial, but also limiting his conviction related to the actual encounter with the victim to an assault consummated by a battery. In light of all these facts, we are firmly convinced that trial defense counsel's erroneous requests in the appellant's clemency submissions did not prejudice the appellant.

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court