# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————

### No. 201700204

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### CHRISTIAN M. CAPLE
Corporal (E-4), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Forrest W. Hoover, USMC.
Convening Authority: Commanding General, 2d Marine Logistics
Group, Camp Lejeune, North Carolina.
Staff Judge Advocate's Recommendation: Captain Brendan J.
McKenna, USMC.
For Appellant: Commander R. D. Evans, Jr., JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Allyson L.
Breech, JAGC, USN.

———————————

Decided 26 January 2018

———————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of violating Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2012): (1) attempted sexual abuse of a child and (2) attempted sexual assault of a child. The military judge sentenced the appellant to reduction to pay grade E-1, four years' confinement, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged, suspended confinement in

excess of 12 months pursuant to a pretrial agreement, and except for the dishonorable discharge, ordered it executed.

The appellant alleges that the CA failed to consider a post-trial clemency request submitted by the appellant's civilian defense counsel (CDC). After careful consideration of the record of trial and the parties' pleadings, we are satisfied that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

In September 2015, the appellant responded to a personal advertisement on Craigslist.com by someone named "Michelle Davis" who indicated she was 15 years old. After exchanging a few phone calls and text messages–including one in which the appellant sent a picture of his penis–they agreed to meet at "Michelle's" house where the appellant expected her to perform fellatio on him. When the appellant arrived, it was evening and no lights were on in the house. He phoned "Michelle" who guided him through her dark house to her bedroom where the appellant observed a curtain hanging in a doorway. The curtain had a small hole in it. "Michelle" instructed the appellant to put his penis in the hole, which he did, and "Michelle" proceeded to perform oral sex on him. Although he never saw the person behind the curtain, the appellant believed he was getting fellatio from a 15-year-old girl.

The next morning, the appellant began receiving demands for $9,400.00 from "Michelle," someone purporting to be her mother, and another person claiming to be "Detective Tom Robinson." "Michelle" also told the appellant her mother was going to call the police because she found the text of the appellant's penis on her phone. After agreeing to meet "Michelle" at his bank, the appellant took out a loan and paid the money to a man he had never met before.

The appellant reported the incident to local law enforcement, who with the assistance of the appellant, determined the appellant was the victim of an extortion plot being perpetrated by a local 46-year-old man named Elburt Fish who was pretending to be "Michelle Davis." Further investigation revealed it was Elburt Fish who performed fellatio on the appellant. The appellant agreed to support the local assistant district attorney (ADA) in the prosecution of Elburt Fish. The ADA praised the appellant for his willingness to come forward and considered his cooperation to be "instrumental" in the successful prosecution of Elburt Fish.

In May 2017, the appellant pleaded guilty at a general court-martial to attempted sexual abuse and attempted sexual assault of a child. He was represented by both a detailed trial defense counsel (TDC) and a CDC. In

June 2017, both the TDC and CDC submitted post-trial clemency letters to the CA. The letters were similar, but the CDC's letter included references to the appellant's suicide attempt and subsequent mental health issues. Both letters were forwarded as enclosures to the CA in a 27 June 2017 staff judge advocate's recommendation that advised the CA he must consider both letters. The CA's action states, "Prior to taking action in the case, I considered the results of trial, the record of trial, the recommendation of the staff judge advocate and the matters submitted by detailed defense counsel on 16 June 2017 in accordance with R.C.M. 1105 and 1106."

The appellant asserts that the absence of any reference to the CDC's clemency submission in the CA's action is evidence that the CA erred by not considering the CDC's letter. The appellant requests that we remand this case for new post-trial processing.

## II. DISCUSSION

Proper execution of post-trial processing is a question of law, reviewed *de novo. United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). "Where there is error in post-trial processing and 'some colorable showing of possible prejudice' thereby, this court must either provide meaningful relief or remand for new post-trial processing." *United States v. Roller*, 75 M.J. 659, 661 (N-M. Ct. Crim. App. 2016) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "First, an appellant must allege the error at the Court of Criminal Appeals. Second, an appellant must allege prejudice as a result of the error. Third, an appellant must show what he would do to resolve the error if given such an opportunity." *Wheelus*, 49 M.J. at 288.

The appellant argues that the CA's failure to list the CDC's letter as a matter he considered is "evidence to the contrary" that the CA actually considered it.[1] We disagree. "[N]either the UCMJ nor the Rules for Courts-Martial require the [CA] to state in the final action what materials were reviewed in reaching a final decision." *United States v. Stephens*, 56 M.J. 391, 392 (C.A.A.F. 2002). Contrary to the appellant's contention, we are convinced that, prior to taking his action, the CA considered all of the documents attached to and referenced in the staff judge advocate's 27 June 2017 recommendation including the CDC's clemency letter.

Regardless, even if the CA failed to consider the CDC's letter, the appellant was not prejudiced. He fails to adequately describe what the CA "might have done to structure an alternative form of clemency," even if the CA wanted to after reading the CDC's letter. *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). Given that Article 60, UCMJ, limited the CA's

---

[1] Appellant's Brief of 8 Sep 2017 at 12 (citing *United States v. Doughman*, 57 M.J. 653, 654 (N-M. Ct. Crim. App. 2002)).

authority to grant clemency in this case to the adjudged reduction to E-1, and considering the fact that the appellant was in a no pay status because his enlistment had expired, we conclude that there has not been a colorable showing of possible prejudice. The appellant's claim is without merit and the request to remand for new post-trial processing is denied.

### III. CONCLUSION

The findings and sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court