UNITED STATES of America, Appellee,

v.

Michael Patrick STANTON, also known as Michael A. Stanley, Appellant.

No. 92–1894.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1992.

Decided Aug. 19, 1992.

---

R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., argued, for appellant.

Cynthia Jean Hyde, Asst. U.S. Atty., Springfield, Mo., argued (William G. Crowe, Asst. U.S. Atty., on the brief), for appellee.

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

Michael Patrick Stanton was convicted in a nonjury trial of receiving material involving the sexual exploitation of a minor. *See* 18 U.S.C. § 2252(a)(2) (1988 & Supp. II 1990). On appeal, Stanton contends he was entrapped. Stanton also contends the district court improperly increased his base offense level by five under U.S.S.G. § 2G2.2(b)(2) (Nov. 1991). We affirm.

On April 8, 1991, as part of a sting operation to identify and apprehend persons trafficking in child pornography, Island Ventures, an undercover alter ego of the United States Postal Inspection Service, sent Stanton a questionnaire requesting information on Stanton's sexual interests and favorite media formats. Stanton did not ignore the questionnaire or check a line at the top of the questionnaire indicating he was disinterested and wished to be removed from the mailing list. Instead, Stanton checked the lines indicating his interests in various sexual materials involving minors, a correspondence referral service, and a video rental service. Stanton signed the questionnaire after reading an acknowledgment that stated:

> I certify that I am an adult and that I desire to purchase and receive sexually explicit materials. I understand that the products you are selling feature erotic XXX subject matter, and are considered illegal under current laws. I do not want the notation "sexually oriented material" to appear on the outside of any mailings you send to me.

Within three days, Stanton returned the questionnaire to Island Ventures along with a personal letter expressing his interest in photographs of nude girls aged sixteen and younger.

Island Ventures sent Stanton a catalog and order form on April 24, 1991. The catalog contained titles and descriptions of photographs and videos. Stanton selected two magazines accurately and explicitly described as containing photographs of nude girls aged six to sixteen engaging in various sexual activities. On May 24, 1991, Stanton mailed the order form, a money order for the magazines, and a letter expressing his interest. Island Ventures later sent Stanton only three other mailings: a catalog and letter that crossed Stanton's order in the mail, a letter thanking Stanton for his order, and a letter informing Stanton when and how his order would arrive.

A postal inspector posing as a mail carrier hand delivered a package containing the two magazines to Stanton on July 24, 1991. Stanton identified himself to the postal inspector and signed for the package. Stanton was arrested minutes later. After being advised of his rights, Stanton told a postal inspector of his preference for young girls. Stanton also stated he intended to resell the magazines to a friend for a ten dollar profit after photographing the pictures he liked.

Stanton first contends he was entrapped as a matter of law. The affirmative defense of entrapment has "two related elements: government inducement of the crime, and [the defendant's] lack of predisposition ... to engage in the criminal

conduct." *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988); *see United States v. LaChapelle*, 969 F.2d 632, 635 (8th Cir.1992). The district court found Stanton was not entrapped. Viewing the evidence in the light most favorable to the government, we conclude substantial evidence supports this finding. *United States v. O'Malley*, 854 F.2d 1085, 1087 (8th Cir.1988).

 To establish the first element of entrapment, Stanton had to show government agents induced him to commit the crime. Inducement is government conduct that "creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense." *United States v. Mendoza–Salgado*, 964 F.2d 993, 1004 (10th Cir.1992) (quoted cases omitted). Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *Id.* (quoted cases omitted); *see Jacobson v. United States*, —— U.S. ——, ——, 112 S.Ct. 1535, 1542–43, 118 L.Ed.2d 147 (1992). Inducement cannot be shown if government agents merely provide the opportunity or facilities to commit the crime or use artifice and stratagem. *Jacobson*, —— U.S. at ——, —— 112 S.Ct. at 1540, 1541; *Mendoza–Salgado*, 964 F.2d at 1004.

We conclude Stanton has not shown inducement as a matter of law. Stanton ordered child pornography after receiving one questionnaire and one catalog. These two mailings exerted no pressure, and the questionnaire specifically stated the products were illegal. The government did not use persuasion, promises, or pleas, but merely afforded Stanton the opportunity to commit the crime. We have held similar facts fail to show inducement as a matter of law. *LaChapelle*, 969 F.2d at 635. Because the government did not induce Stanton, we need not consider whether Stanton lacked the predisposition to commit the crime.

 Stanton also contends the district court misapplied U.S.S.G. § 2G2.2(b)(2) by holding Stanton's crime involved distribution even though Stanton did not regularly sell child pornography. The sentencing guidelines define "distribution" as "any act related to distribution for pecuniary gain, including ... possession with intent to distribute." U.S.S.G. § 2G2.2 n. 1. By its terms, the guideline definition does not require multiple acts or a regular course of conduct. Stanton's possession and intent to sell the magazines for a profit meets the definition of "distribution." We conclude the district court properly applied section 2G2.2(b)(2).

Accordingly, we affirm.