UNITED STATES

v.

Chris E. DANIELS, 008–52–9034, Hull Maintenance Technician Fireman Apprentice (E–1), U.S. Navy.

NMCM 93 0553.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 5 Jan. 1993.

Decided 13 Sept. 1993.

LCDR Stephen H. Johnson, JAGC, USNR, Appellate Defense Counsel.

LT J.M. Kegelmeyer, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., and WELCH and MOLLISON, JJ.

MOLLISON, Judge:

The principal issue in this appeal from a special court-martial conviction is whether the military judge erred in accepting appellant's guilty plea to wrongful possession of marijuana with intent to distribute in light of appellant's statements that a Government informant had "relentlessly" approached him to commit the offenses. We conclude that the military judge erred in accepting the appellant's guilty pleas on the record before us. Accordingly, we set aside the findings of guilty and authorize a rehearing.

Pursuant to his pleas of guilty, the appellant was found guilty of two specifications of wrongful possession of marijuana with intent to distribute in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. A military judge sitting alone sentenced the appellant to confinement for 120 days, forfeiture of $250.00 pay per month for four months, and a bad-conduct discharge. The appellant's court-martial is now before this Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

This Court may only affirm such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. UCMJ, art. 66(c), 10 U.S.C. § 866(c). This Court may not set aside a finding of guilty or the sentence on the basis of an error of law unless the error is materially prejudicial to the substantial rights of the appellant. UCMJ, art. 59(a), 10 U.S.C. § 859(a).

The appellant assigned five errors in connection with his court-martial proceedings. Those assignments of error have previously been considered by military appellate courts and have been resolved adversely to the appellant. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A. 1992); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R.1993). Accordingly, these assignments of error will not be discussed further. We will, however, discuss the issue the Court specified for briefing:

WHETHER THE GUILTY PLEA PROVIDENCE INQUIRY ADEQUATELY RESOLVED THE DEFENSE OF ENTRAPMENT? See *United States v. Tatum,* 36 M.J. 302, 304 (C.M.A.1993); *United States v. Cooper,* 35 M.J. 417, 424 (C.M.A.1992); Rule for Courts–Martial (R.C.M.) 916(g), Manual for Courts–Martial, United States, 1984.

### The Material Facts

Before the military judge accepted the appellant's guilty pleas, he personally examined the appellant in accordance with R.C.M. 910(e) in order to satisfy himself that there was a factual basis for the pleas. During that examination the appellant admitted that on or about 16 August 1992 and 20 September 1992 in "Rosie's Bar" (near Naval Submarine Base, Groton, Connecticut), he wrongfully possessed 6.2 grams and 1.3 grams, respectively, of marijuana. The appellant admitted he possessed the marijuana with the intent to distribute it to one Daniel Urtz and, in fact, had transferred it to him. Record at 15–18. The appellant disclaimed that anyone had forced him or coerced him into committing the offenses or that he was under duress. Record at 16–17. Defense counsel also stated that he was unaware of any defenses to these offenses. Record at 18.

The appellant made an unsworn statement during the presentencing procedure. R.C.M. 1001(c)(2)(C). In that statement he informed the military judge of the following:

When these instances that I'm here for today occurred, I was drinking heavily. Once again, it's not an excuse. I think it affected me and made me act irrationally.

I was approached by Daniel Urtz relentlessly, 25 times at least, day after day. I finally relented. I finally agreed to get him marijuana to get him off my back. I know I shouldn't have done it, but I—like I said, I was acting irrationally at the time.

Record at 24.

The military judge then reopened the guilty plea providence inquiry. Upon reexamination the appellant stated that Urtz was a Government informant or working for the

Government. Record at 25. This colloquy then ensued:

MJ: Do you recall the first time [Urtz] ever approached you?

ACC: Sir, not specifically, but I can imagine—I can picture where it would have been and what the circumstances would have been like.

MJ: Who was the first one to bring up drugs between the two of you?

ACC: Sir, I believe—I can't honestly recall that.

MJ: On these two occasions when you tran—where you possessed the marijuana with intent to distribute it to Petty Officer Urtz, were you intoxicated on those two occasions?

DC: Sir, may I have one moment? *[Confers with accused.]*

ACC: Sir, I—at the time when I transferred the marijuana, no. We met at a bar. I called him when I got to the bar, and I started drinking at the bar. But I had driven there, so I would not have been intoxicated.

MJ: Do you feel that you were so under the influence of alcohol that you couldn't tell right from wrong or couldn't control your behavior?

ACC: No, sir.

MJ: Did you feel that Urtz, by his constant requesting that you provide him marijuana, forced you to commit this—these offenses?

ACC: Sir, I could—I could have refused. The primary reason I agreed—I had a choice. I could have said no. I did—I did it primarily to get him off my back, to give me a little bit of breathing room, but that same reason, I didn't—when I was growing up, I didn't—I didn't report—I didn't turn in my family members. No, sir, he did not force me to do this.

MJ: So it was your own voluntary election to involve yourself in these two offenses of possession with intent to distribute?

ACC: Yes, sir.

Record at 25–26. Thereafter, the appellant persisted in his guilty pleas. Record at 27. The military judge twice declined trial counsel's invitation to inquire into predisposition and also declined trial counsel's request to inquire whether the appellant possessed the marijuana before he was solicited. Record at 26, 29.

### The Law

██ An accused may not enter inconsistent, improvident or uninformed pleas of guilty. UCMJ, art. 45, 10 U.S.C. § 845. A provident plea of guilty is one that is knowingly, intelligently, and consciously entered and is accurate and consistent, both factually and legally. *United States v. Sanders,* 33 M.J. 1026 (N.M.C.M.R.1991). Before the military judge may accept an accused's plea of guilty, he must personally inquire into the factual basis for the plea. R.C.M. 910(e); *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Inconsistencies and apparent defenses must be resolved or the guilty pleas must be rejected by the military judge. *United States v. Jemmings,* 1 M.J. 414 (C.M.A.1976); *United States v. Jackson,* 23 M.J. 650 (N.M.C.M.R.1986), *petition denied,* 24 M.J. 405 (C.M.A.1987). The military judge is not required "to embark on a mindless fishing expedition to ferret out or negate all possible defenses or inconsistencies." *Jackson,* 23 M.J. at 652. Rather, the military judge is required to deal with potential issues raised in the providence inquiry or during the trial that indicate an inconsistency or a defense. *Id.* When the accused's responses reasonably raise the question of a defense, the military judge must make a more searching inquiry. *United States v. Timmins,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). Reversal will not follow from the mere possibility of a conflict. Instead, the record must contain some reasonable ground for finding an inconsistency between the plea and the accused's statements. *United States v. Logan,* 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Logan,* 31 M.J. 910 (A.F.C.M.R.1990); *United States v. Tichy,* 50 C.M.R. 526 (N.C.M.R.1975). "The bottom line ... is that rejection of the plea requires that the record of trial show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991).

██ "[T]he Government may use undercover agents and various stratagems to catch

those engaged in criminal activities." *United States v. Cooper,* 35 M.J. 417 (C.M.A.1992) (citing *Jacobson v. United States,* —— U.S. ——, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992)). "[T]he fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution." *United States v. Tatum,* 36 M.J. 302, 304 (C.M.A. 1993) (citing and quoting *Jacobsen* and other cases). Nonetheless, if law officers do more than merely afford opportunities for the commission of the offense and, instead, originate a criminal design and induce commission of the crime, then the prosecution must prove that the accused was disposed to commit the criminal act prior to first being approached. *Id. See also* R.C.M. 916(g). "A government agent's repeated requests for assistance in acquiring drugs do not in and of themselves constitute the required inducement." *United States v. Howell,* 36 M.J. 354, 360 (C.M.A. 1993) (defense of entrapment not raised where defendant immediately agreed to provide drugs, enthusiastically participated in the drug-purchase conversation, and admitted prior drug use and distribution to the undercover agent). "Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *Id.* at 359–60 (quoting *United States v. Stanton,* 973 F.2d 608, 610 (8th Cir.1992)). "The bottom line is that entrapment has two elements: government inducement and an accused with no predisposition to commit the offense." *Howell,* 36 M.J. at 358. "A defendant may raise the defense by showing that the Government's evidence reveals some inducement and some reluctance on the part of the defendant." *Howell,* 36 M.J. at 359 (quoting *United States v. Gunter,* 741 F.2d 151, 153 (7th Cir.1984)).

## Application

 In his unsworn statement, the appellant stated that he was approached by the Government informant or one working for the Government, relentlessly, 25 times at least, day after day, and finally relented to get him marijuana "to get him off [his] back." This statement betokened both Government inducement and a lack of predisposition. Thus, it set up a matter inconsistent with his plea of guilty, namely the defense of entrapment. The military judge, therefore, was obliged to make a more searching inquiry. The military judge correctly reopened the plea providence examination in order to resolve the matter, however, he did nothing more than clear the defense of duress which was not in issue. See R.C.M. 916(h). Instead, the appellant reiterated he committed the offenses to get Urtz off his back and to obtain "a little bit of breathing room." Regrettably, the military judge failed to heed trial counsel's legitimate suggestions to inquire into predisposition. Without the issues of inducement and predisposition resolved, there remains a substantial basis in law and fact for questioning the appellant's guilty pleas. Accordingly, they must be set aside.

The Government concedes the plea providence inquiry was insufficient to sustain a plea of guilty to the aggravating feature of the offenses, namely intent to distribute; however, it argues that the matters stated by the appellant did not impugn his guilty pleas to possession of marijuana, alone. The appellant stated in his unsworn statement, "I finally agreed *to get him marijuana* to get him off my back." Record at 24 (emphasis added). Moreover, it was that precise question—whether the appellant already had marijuana in his possession—that trial counsel suggested to the military judge and the military judge declined to pose. Record at 29. Accordingly, we are unable to salvage even the guilty pleas to the bare possession offenses.

## Disposition

The findings of guilty and sentence are set aside. The record is returned to the Judge Advocate General. A rehearing may be ordered.

Chief Judge LARSON and Senior Judge WELCH concur.