16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America Appellee,
v.
Henry Lee PRATT, Appellant.
 No. 93-3545EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1994.
Filed: February 23, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Henry Lee Pratt appeals his conviction for distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Pratt contends the district court committed error by refusing to give the jury an entrapment instruction. We affirm.
 
 
 2
 Pratt is entitled to an entrapment instruction if there is sufficient evidence from which a reasonable jury could find the Government induced Pratt to commit the crime and he was not predisposed to commit the crime. United States v. Emmert, 9 F.3d 699, 703-04 (8th Cir. 1993). In this case, the Government induced Pratt if the government's agent engaged in conduct that " 'create[d] a substantial risk that an undisposed person or otherwise law-abiding [person] would commit the offense.' " United States v. Loftus, 992 F.2d 793, 798 (8th Cir. 1993) (quoting United States v. Stanton, 973 F.2d 608, 610 (8th Cir. 1992)). Pratt has the initial burden to present some evidence the Government induced him. United States v. Van Slyke, 976 F.2d 1159, 1162 (8th Cir. 1992).
 
 
 3
 Pratt did not present any evidence. In contrast, the Government presented evidence that Pratt told an undercover agent who was investigating illegal firearms that Pratt bought crack cocaine and gave it to women in exchange for sexual favors. The agent then asked Pratt to sell the agent cocaine. Although Pratt did not respond to the agent's first request for cocaine, Pratt later twice sold cocaine to the agent and arranged the agent's purchase of cocaine from another man. The agent's request that Pratt sell the agent cocaine is insufficient to establish inducement. Loftus, 992 F.2d at 798. Considering all the evidence, we do not believe a reasonable jury could find the agent's conduct induced Pratt to commit the crime. Thus, we need not consider whether Pratt was predisposed to commit the crime.
 
 
 4
 Because the district court did not abuse its discretion in refusing to give Pratt's requested entrapment instruction, we affirm.