UNITED STATES

v.

**Stephen E. OLINGER, 347–54–9644, Sonar Technician (Submarine) Second Class (E–5), U.S. Navy.**

**NMCM 92 02705.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 July 1992.

Decided 30 Aug. 1994.

LT Alice B. Lustre, JAGC, USNR, Appellate Defense Counsel.

LT Scott A. Browne, JAGC, USNR, Appellate Government Counsel.

Before LARSON, C.J., WELCH, Senior Judge, and McLAUGHLIN, J.

McLAUGHLIN, Judge:

The appellant was convicted, pursuant to his pleas, of seven specifications under Arti-

cle 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 934, for violations of 18 U.S.C. §§ 1465 and 2252. One of the federal statutes that appellant pled guilty to, 18 U.S.C. § 1465, involves transport of obscene material in interstate commerce for the purpose of distribution. The other statute, 18 U.S.C. § 2252, involved sending and receiving child pornography in interstate or foreign commerce. The appellant was sentenced at a general court-martial by a military judge alone. The adjudged sentence included a dishonorable discharge, confinement for 4 years, total forfeitures of all pay and allowances, and reduction to pay grade E–1.

After a proceeding in revision to clarify a misunderstanding regarding the pretrial agreement's application to forfeitures, the convening authority and the appellant negotiated the terms further. In accordance with the pretrial agreements, the convening authority approved the sentence as adjudged, reduced the dishonorable discharge to a bad-conduct discharge, suspended confinement in excess of 36 months, and suspended any for-

feitures that reduced the accused's gross pay per month to less than $785.70.[1]

The appellant has assigned nine errors.[2] The first three will be discussed and resolved below, the fourth need not be addressed based on our disposition of the case, and Assignments of Error V through IX are summarily rejected as devoid of merit. *Weiss v. United States*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell*, 39 M.J. 131 (C.M.A.1994), *petition for cert. filed*, 63 U.S.L.W. 3093 (U.S. Aug. 9, 1994) (No. 94–174).

Based on the analysis below, we find the appellant's guilty pleas to all but one of the violations of 18 U.S.C. § 2252 to be improvident and, accordingly, we must set aside the findings of guilty to those offenses and the sentence.

## CONSTITUTIONALITY OF
### 18 U.S.C. § 2252

The appellant, citing *United States v. X–Citement Video, Inc.*, 982 F.2d 1285, 1290

---

1. The confusion over the forfeiture provisions of the pretrial agreement, in light of the appellant being past his end of obligated service (EAOS) and entitled to no pay while confined, led to a proceeding in revision wherein the military judge gave the appellant the opportunity to change his pleas. Through subsequent negotiation, the appellant maintained his pleas of guilty in return for a reduction of the dishonorable discharge to a bad-conduct discharge.

2.   I. APPELLANT'S CONVICTION CANNOT BE AFFIRMED WHERE THE FAILURE OF 18 U.S.C. § 2252 TO REQUIRE KNOWLEDGE OF THE AGE OF PERFORMERS USED TO MAKE THE MATERIALS VIOLATES THE FIRST AMENDMENT THEREBY RENDERING THE STATUTE INVALID.

  II. APPELLANT'S PLEAS ARE IMPROVIDENT WHERE THE MILITARY JUDGE FAILED TO INQUIRE INTO THE DEFENSE OF ENTRAPMENT WHICH WAS REASONABLY RAISED BY THE RECORD.

  III. APPELLANT'S PLEAS ARE IMPROVIDENT WHERE THE MILITARY JUDGE FAILED TO CONDUCT AN ADEQUATE *CARE* INQUIRY AND APPELLANT SIMPLY ACKNOWLEDGED THE MILITARY JUDGE'S RECITATION OF THE ELEMENTS IN VIOLATION OF *UNITED STATES V. SAWINSKI*, 16 M.J. 808 (N.M.C.M.R.1983). (CITATION OMITTED.)

  IV. APPELLANT'S SENTENCE TO CONFINEMENT FOR FOUR YEARS AND A BAD CONDUCT DISCHARGE IS UNDULY SEVERE UNDER THE CIRCUMSTANCES.

  V. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY–MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (CITATION OMITTED.)

  VI. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

  VII. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

  VIII. THIS COURT DOES NOT HAVE POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

  IX. THIS COURT HAS NO POWER TO REVIEW THIS CASE BECAUSE ITS JUDGES ARE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

(9th Cir.1992), *cert. granted,* ——— U.S. ———, 114 S.Ct. 1186, 127 L.Ed.2d 536 (1994), argues that this statute violates his right to due process of law under the Fifth Amendment to the U.S. Constitution because it permits conviction without the required element of *scienter,* i.e., knowledge that the depictions of sexual conduct involved persons under the age of 18. We can dispose of this issue briefly by noting that the vast majority of appellate courts that have faced this challenge to the statute have upheld its constitutionality by reading into it the elements of *scienter. New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *United v. Marchant,* 803 F.2d 174 (5th Cir. 1986); *United States v. Hale,* 784 F.2d 1465 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 110, 93 L.Ed.2d 59 (1986); Kathleen M. Dorr, Annotation, *Validity and Construction of 18 USCS §§ 371 and 2252(a) Penalizing Mailing or Receiving, or Conspiring to Mail or Receive, Child Pornography,* 86 A.L.R.Fed. 359 (1988)); *see generally, United States v. Bilby,* 39 M.J. 467 (C.M.A.1994).

██ "A court, in reviewing a statute, may infer the requirement of scienter." *United States v. Cannon,* 13 M.J. 777, 778 (A.C.M.R.), *petition denied,* 14 M.J. 226 (C.M.A.1982). We agree with the weight of authority, as does the Government in its brief, that 18 U.S.C. § 2252 does require the element of scienter in order to pass constitutional muster, and we infer the presence of that element in the statute. Accordingly, the first assignment of error is without merit.

### IMPROVIDENT PLEAS

██ "In order for pleas of guilty to be provident, the military judge must correctly advise the accused what the prosecution would be required to prove in the absence of a guilty plea. Substantial misadvice regarding who must prove what renders a plea of guilty improvident." *United States v. Lilly,* 34 M.J. 670, 676 (A.C.M.R.1992) (citation omitted).

In the appellant's case, the military judge, after his own misgivings and substantial persuasion by *both* trial and defense counsel, concluded that 18 U.S.C. § 2252 did not include *scienter,* i.e., knowledge that the de-

pictions of sexual conduct involved persons under the age of 18, as an element. Specifically, the military judge advised the appellant that: "Proof that you knew the depictions included minors would not be required. It is sufficient that you—to be shown that you new [sic] the sexually explicit contents of the matter at the time of the act which caused the matter to be shipped or transported." Record at 45. As we noted above, we construe 18 U.S.C. § 2252 to require this element. Accordingly, the military judge's advice was erroneous.

We know from the record that the advice the appellant was receiving from his defense counsel was that he was guilty of the offenses even though, except for the one he solicited and received from the Government agents, he did not know the videotapes and other graphic materials contained sexually explicit depictions of minors. We know also that, according to the appellant: "I didn't know I had minors on anything other than the tape the Government sent me." Record at 95. Thus, not only had the appellant been misinformed by his counsel and the military judge of what the Government must prove to convict, the appellant had also voiced a direct contradiction to guilt of the offenses under 18 U.S.C. § 2252 (except the final videotape provided by the Government in April 1991). We believe that this is a substantial basis in law and fact for questioning the validity of the guilty pleas to the following:

> Charge II and Specifications 40, 43, and 44 thereunder; the Additional Additional Charge and its Specification; and, the Additional Additional Additional Charge and its Specification.

*United States v. Prater,* 32 M.J. 433 (C.M.A. 1991); *see also United States v. Newsome,* 35 M.J. 749 (N.M.C.M.R.1992), *aff'd by summary disposition,* 38 M.J. 464 (C.M.A.1993); Rule for Courts–Martial 910(h), Manual for Courts–Martial, United States, 1984.

### PROVIDENT PLEAS

██ As to Specifications 45 and 49 of Charge II (which allege violations of 18 U.S.C. §§ 2252 and 1465, respectively), the military judge conducted a sufficient inquiry under *United States v. Care,* 18 C.M.A. 535,

40 C.M.R. 247, 1969 WL 6059 (1969). *United States v. Wimberly,* 20 C.M.A. 50, 42 C.M.R. 242, 1970 WL 7057 (1970); *United States v. Sweet,* 38 M.J. 583 (N.M.C.M.R.1993) (*en banc*), *petition granted,* 39 M.J. 427 (C.M.A. 1994). The detailed elements, tailored to the facts of the appellant's case, were read to the appellant, the legal terms were defined, and the military judge supplemented them with questions on the record about possible defenses, justification, or excuse. The appellant stated that he understood the detailed elements of the offense and had no questions about them. He further admitted that the elements accurately described what he did.

Although the appellant was incorrectly informed that there was no *scienter* requirement for the offense under Specification 45 of Charge II, he admitted to having knowledge that the depictions of sexual conduct in that particular videotape involved persons under the age of 18. Record at 94–95. Review of the entire record under *Prater* and *Newsome* shows a sufficient basis for the providence of the plea to this offense because:

> In determining whether a plea of guilty is provident, a structured formalistic procedure is not required. *United States v. Crouch,* 11 M.J. 128 (C.M.A.1981). The entire inquiry must be examined to ascertain if an accused was adequately advised. *Id.* Thus, in an attempted murder case, failure to advise the accused that the act must be done with the specific intent to kill unlawfully did not render the plea of guilty improvident, *where the military judge elicited a fact which established the intent. United States v. Peterkin,* 14 M.J. 660 (A.C.M.R.1982), *pet. denied,* 15 M.J. 56 (C.M.A.1982). It has also been held that failure to define "indecent" for the offense of indecent acts was not fatal where the military judge advised the accused of the elements of the offense and the accused described and admitted his indecent acts. *United States v. Colley,* 29 M.J. 519 (A.C.M.R.1989).

*United States v. Silver,* 35 M.J. 834, 835 (A.C.M.R.1992) (emphasis added). Thus, the factual sufficiency of the pleas was established in the record regarding these two offenses.

## ENTRAPMENT

■ In his second assignment of error the appellant claims the defense of entrapment was reasonably raised by the record and cites to *Jacobson v. United States,* —— U.S. ——, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992). We find this assignment of error to be without merit.

Except for the fact that the appellant and Jacobson were alleged to have been involved in child pornography in violation of 18 U.S.C. § 2252, little else is similar. The strongest argument the appellant makes for this error is that: "Due to the military judge's failure to question appellant on the issue of entrapment, this Court is left with several unanswered questions." Appellant's Brief at 10. Our obligations in this regard were most recently set forth in *United States v. Daniels,* 39 M.J. 789 (N.M.C.M.R.1993): "Reversal will not follow from the mere possibility of a conflict. Instead, the record must contain some reasonable ground for finding an inconsistency between the plea and the accused's statements." 39 M.J. at 791 (citations omitted).

The record shows that the appellant responded to an advertisement in a "swingers" magazine placed by pseudonymous Government agents. The appellant then embarked on a course of action of corresponding with the Government agents, through which he supplied pornographic material and solicited pornographic material. In some correspondence to the Government agents, the appellant indicated that his preference in pornography included: "Nothing is too young!," "I am very interested in obtaining videos of young girls having sex," "The younger the material the better," "I'm also turned on with kiddie porn...." Prosecution Ex. 1 at 2, 6, 45. Ultimately, in February 1991, the appellant ordered the videotape entitled "Pre–Teen Lolita Mix" from a listing provided by a supposedly private company that was in fact a Government undercover operation. The videotape was described as "Something for every Lolita lover. Portions of Lolita's Love, Preteen Trio and others featuring 9 year old girl and boys, adult man. A must for serious collectors." Prosecution Ex. 1 at 85. It was

the delivery of this videotape that precipitated the 15 April 1991 search and seizures at the appellant's home.

These facts, and others gleaned from the record, lead us to conclude that the appellant was predisposed to receive, solicit, and transfer pornographic material of *any* type, regardless of the age, genus, or species of the participants. The Government agents were not outrageous in their conduct of the undercover operation. "[T]he fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat prosecution." *United States v. Tatum,* 36 M.J. 302, 304 (C.M.A.1993) (citing and quoting *Jacobson* and other cases); *quoted in, Daniels,* 39 M.J. at 792. "'The bottom line is that entrapment has two elements: government inducement and an accused with no predisposition to commit the offense'" 39 M.J. at 792 (quoting *United States v. Howell,* 36 M.J. 354, 358 (C.M.A.1993)). The defense of entrapment is raised when there is a showing of Government inducement and "some reluctance on the part of the defendant." *Howell,* 36 M.J. at 359 (quoting *United States v. Gunter,* 741 F.2d 151, 153 (7th Cir.1984)). There is no evidence in the record to suggest any reluctance on the part of the appellant.

In synopsis, as a result of our action, the appellant's convictions of one specification of a violation of 18 U.S.C. § 2252 and one specification of violation of 18 U.S.C. § 1465 are affirmed and the other convictions are set aside.

### DISPOSITION

Accordingly, the findings of guilty to Charge II and Specifications 40, 43, and 44 thereunder; the Additional Additional Charge and its Specification; and, the Additional Additional Additional Charge and its Specification are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. The record is returned to the Judge Advocate General. The same or a different convening authority may order a rehearing on the charges and specifications that are set aside and the sentence. If the convening authority determines that a rehearing on the charges that have been set

aside is impracticable, he or she may dismiss the affected charges and order a rehearing on sentence only.

Chief Judge LARSON and Senior Judge WELCH concur.