**UNITED STATES of America**

v.

**Joe CANADA, a/k/a Bama Joe.**

**Criminal Action Nos. 95–89, 95–267.**

United States District Court,
E.D. Louisiana.

March 21, 1996.

John T. Mulvehill, Robert F. Barnard, Federal Public Defender, New Orleans, LA, for defendant.

James R. Mann, U.S. Attorney's Office, New Orleans, LA, Stephen A. Higginson, U.S. Attorney's Office, New Orleans, LA, for the U.S.

## REASONS FOR SENTENCING

VANCE, District Judge.

This matter is before the court for sentencing of Joe Canada, a/k/a "Bama Joe." The government and the defendant filed objections to the Presentence Investigation Report ("PSI"). At a hearing held to consider the objections on March 13, 1996, the government indicated that its objection was moot. The court heard argument and took evidence on the defendant's objections and after considering the arguments, evidence, briefs and the applicable law, resolves the defendant's objections as follows.

## I. DEFENDANT'S OBJECTIONS.

1. The probation office analyzed the counts involved here as a group of closely related counts and applied U.S.S.G. § 2G2.2(b)(2) to count 1 of the Louisiana Indictment and Count 1 of the Mississippi Bill of Information, treating them essentially as one count. The defendant objects to the five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2), which applies when the offense involves distribution of material involving the sexual exploitation of a minor. Defendant asserts that the commentary following section 2G2.2 requires that distribution be done for pecuniary gain, which was not involved here. In addition, defendant argues that unless the enhancement is construed to require acts with a pecuniary motive, it could apply to enhance the basic offense behavior without any special characteristics.

The court overrules this objection. The commentary to which defendant refers provides that " 'distribution,' as used in this guideline, *includes* any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." The guidelines at section 1B1.1, application note 2 state that the word "includes" is not "exhaustive." Thus the application note under § 2G2.2 indicates that while distribution includes the conduct listed, it is not intended to be an exhaustive list of what constitutes distribution. Further, guideline 2G2.2 covers more passive acts than distribution, such as receiving such material. Hence, an enhancement applies to

distributing the material to distinguish this from more passive types of offense conduct.

Here, the evidence indicated that Mr. Canada distributed a sexually exploitative picture over his computer as part of his effort to entice a person he believed to be a minor to have sex with him. The evidence at the hearing also indicated that Mr. Canada sent this person another picture which he retrieved because it was not of as high a quality as the first. He also instructed the purported minor on how to receive and store pictures over the computer. There is nothing in the explanation at application note 1 to indicate that distribution for the purpose of soliciting a minor would be excluded from the meaning of distribution. Nor does the note indicate that "distribution" requires multiple acts or a continuous course of conduct. *See U.S. v. Stanton,* 973 F.2d 608 (8th Cir.1992). Further, that commercial distribution is not required to enhance for distribution is further evident from the fifth circuit's decision in *U.S. v. Kimbrough,* 69 F.3d 723 (5th Cir. 1995). There, the court affirmed a five-level increase for distribution under § 2G2.2(b)(2), when there was admittedly no evidence that defendant had engaged in distribution for commercial gain but had maintained a sexually oriented computer bulletin board that was designed to receive and send files. Accordingly, defendant's objection to the five-level enhancement is overruled.

The court notes that defendant has objected to evidence of his trafficking in child pornography with other known pedophiles on the ground that it cannot be used under § 1B1.8 of the guidelines, because he provided this information in cooperating with the government concerning the unlawful activities of others. The court need not reach this issue because it does not rely on that evidence in reaching any of its conclusions. This does not imply, however, that the court necessarily agrees with defendant's position, particularly since he had no plea agreement with the government, and the court has not received sworn testimony that the government agreed not to use self-incriminating information against him.

■ 2. Defendant objects to the enhancement by four levels under § 2G2.2(b)(3) for offenses involving materials depicting sadistic or masochistic conduct. Defendant does not dispute that the material seized in Mississippi involved sadistic depictions, and the graphic evidence introduced at the hearing certainly confirms this. *See* Ex. 2. However, defendant asserts that these sadistic pictures were merely possessed and not distributed and should not be considered under section 2G2.2. Defendant asserts that the picture he did distribute for which he is charged in count one of the Louisiana indictment did not portray sadistic conduct.

The court overrules defendant's objection. The court finds that the counts of distribution and possession are properly grouped and that in determining the guideline range, it was proper to consider all acts and omissions that were part of the same course of conduct or common plan or scheme as the offense of conviction as relevant conduct under U.S.S.G. § 1B1.3(a)(2). The court further finds that section 2G2.2 is the appropriate guideline to group the counts under. For example, 2G2.2 clearly applies to the distribution count and the guideline for the possession offense, § 2G2.4, directs the application of section 2G2.2 if the offense "involved trafficking in material involving the sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic)." Here, the defendant obviously received the sadistic depictions which were found on his computer, and the relevant conduct demonstrates an intent to traffic in it, since he distributed at least one picture from the same computer to a believed-to-be minor. This demonstrates that the offenses were properly grouped under § 2G2.2. To conclude, the unrebutted evidence in this case demonstrates that Canada was engaged in a course of conduct that involved receiving pictures from other individuals by computer and storing both sadistic and non-sadistic pictures on the same computer. The course of conduct also involved at least one episode of computer distribution of a picture involving the sexual exploitation of a minor to a person believed to be a minor as part of his efforts to seduce him. The court finds that this course of conduct

amounts to trafficking, and it involved material depicting sexual exploitation of minors in a sadistic fashion, which triggers the four-level enhancement in 2G2.2(b)(3).

3. Defendant objects to the five-level enhancement for engaging in a pattern of activity involving sexual abuse or exploitation of a minor pursuant to U.S.S.G. § 2G2.2(b)(4). U.S.S.G. § 2G2.2(b)(4) provides that "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." Defendant asserts that the enhancement is based on nothing more than his having on his computer 300 photographs of minors in sexually explicit poses. Defendant cites *United States v. Chapman*, 60 F.3d 894 (1st Cir.1995), and *United States v. Surratt*, 867 F.Supp. 1317 (N.D.Ohio 1994), for the propositions that the "pattern of activity" must be related to the offense at issue, and that under *Chapman*, transmission of child pornography by computer is not sexual abuse or exploitation within the meaning of the enhancement provision.

At the hearing on March 13, 1996, the government introduced evidence that defendant communicated on at least 15 occasions by computer with a person he believed to be a 13–year old boy to whom he transmitted at least one picture depicting sexual exploitation of a minor as part of an ongoing effort to entice the purported minor into having sex with him. *See* government ex. 1. Defendant arranged to meet the purported minor with the intent to engage in sex with him and travelled to New Orleans to do so. There he learned the minor was a T.V. reporter. The government also introduced evidence that defendant sexually abused a 12–year old boy in Mississippi after befriending him over the course of a year. Before the abuse, the child considered the defendant his best friend. The defendant enticed the child to his apartment, plied him with alcohol and marijuana, and then sexually abused him when the child was intoxicated. Defendant videotaped the incident and the tape was seized by the government. While the boy corroborated the tape, the defendant provided no information or assistance with respect to this incident. Based on the foregoing evidence, the government argues that this case is distinguishable from *Chapman*. Chapman sent three child pornographic photographs via the computer network, but investigators were unable to verify other acts except an earlier unrelated act of child abuse. *Chapman*, 60 F.3d at 895. In contrast, the government contends that it has produced evidence of two incidents of sexual exploitation of a minor in addition to the offending pictures, which it claims satisfies the pattern requirement. However, it admitted at the hearing that the Mississippi incident of sexual abuse of a minor was not part of the same course of conduct as the offenses of conviction.

The court finds that the government's evidence does not amount to a "pattern" under the guidelines because the Mississippi incident did not arise in the same course of conduct as the offense behavior. U.S.S.G. § 2G2.2(b)(4) provides that if the defendant engaged in a pattern of activity involving sexual abuse or exploitation of a minor, increase by five levels. The commentary to § 2G2.2 explains that this means "any combination of two or more separate instances of sexual abuse or sexual exploitation of a minor, whether involving the same or different victims." U.S.S.G. § 2G2.2, applic. note 4. In *U.S. v. Chapman*, 60 F.3d 894 (1st Cir. 1995), the first circuit held that this enhancement required more than trafficking in child pornography, the substantive offense, and that the instances of sexual abuse or exploitation of a minor must be offense-related. The court agrees with its reasoning and since there is no contrary fifth circuit authority, applies it here. Here, the incident involving the believed-to-be minor in Louisiana was clearly offense related as defendant used computer-generated child pornography to attempt to lure the purported minor to have sex with him. However, the Mississippi incident of child sex abuse was not related to trafficking in child pornography by computer and apparently occurred before the computer-related incidents. Thus, the court finds that the government has not shown two offense related acts of sexual abuse or exploitation of a minor to warrant the five-level enhancement.

## II. FINDINGS OF FACT.

To those factual statements contained in the presentence investigation report as to which there is no objection, the court adopts these statements as its findings of fact and orders that the PSI, except as to the probation officer's sentencing recommendations, be made a part of the record in this matter and filed under seal. To the extent that the guideline application questions involved disputed issues of fact, the disputes are resolved as stated earlier in the court's discussion of the guideline issues.

## III. Application of Guidelines to Facts.

Mr. Canada pled guilty to one count of distribution of material involving sexual exploitation of minors; one count of possession of pictures transported in interstate commerce of minors engaging in sexually explicit conduct, and one count of travel in interstate commerce for the purpose of engaging in a sexual act with a minor. The court has indicated its agreement with the probation office's computation of the applicable guidelines, except as to the five-level enhancement for a pattern of sexual exploitation or abuse of minors. Thus, the court agrees that the base offense level is 15, that a two-level increase is applicable because the material involved prepubescent minors, a five-level increase was applicable for distribution, and a four-level increase was applicable for the sadistic nature of the material, producing a total offense level of 26, before adjustment for acceptance of responsibility. However, the court further determines that two factors warrant an upward departure in this case.

### A. Upward Departure.

 Under 18 U.S.C. § 3553(b), the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the sentencing commission." The aggravating circumstances here not adequately taken into consideration by the sentencing commission are defendant's history of predatory and sexually abusive conduct toward minors and his use of a computer as the instrumentality of trafficking in child pornography.

With respect to defendant's history of sexual abuse, application note 5 of § 2G2.2, the guideline applicable to this case, provides that "If the defendant sexually exploited or abused a minor at any time, whether or not such sexual abuse occurred during the course of the offense, an upward departure may be warranted." In determining the extent of departure, the commission then directs the court to consider the offense level most commensurate with the sexual abuse offense and whether the sentence was already enhanced for a pattern of such activity under § 2G2.2(b)(4). Here, the court determined that the Mississippi incident of child abuse could not be used to prove a pattern for enhancement purposes and § (b)(4). However, the guidelines clearly provide that such an unrelated act of child sexual abuse may nevertheless be the basis for an upward departure. The court finds this to be the case here because this conduct, in addition to the defendant's solicitation of the supposed boy in New Orleans, convinces me that this case transcends the boundaries of passive receipt of child pornography or trading pornography with other adults. While defendant was charged with interstate travel with the intent to engage in sex with a minor, this conviction did not increase his guideline sentence. Further, the court finds that, based on the evidence introduced at the hearing, the incident of child abuse in Mississippi amounts to conduct prohibited under 18 U.S.C. § 2242, which is analyzed under § 2A3.1. This would have produced a base offense level of 27, plus a two-level enhancement under § (b)(2)(B) for a victim between the ages of 12 and 16, producing a total offense level of 29, three points higher than the offense level computed under the guidelines. These factors convince the court that a departure for the sexually predatory conduct is warranted, particularly since, without a departure, the guidelines do not produce an increased sentence because of either the Louisiana solicitation or the Mississippi abuse incident. In addition, the court determines that the use of a computer as an instrumentality in the commission of the offense is an aggravating fac-

tor not taken into account by the commission. This is demonstrated by the fact that the commission has proposed guideline amendments to address provisions of the sex crimes against Children Prevention Act of 1995, which directs at least a two-point increase in the base offense level for the use of computers in offenses involving the visual depiction of minors engaged in sexually explicit conduct. The proposed amendment indicates that the commission did not adequately take into account the use of computers as an aggravating factor in the current guidelines. The use of computer networks in this offense is aggravating because of the broad and instantaneous access this can provide to unwitting children, and because it represents an innovative misuse of a technological advance for criminal purposes. *See U.S. v. John C. Demarle,* Docket No. 95–CR–6081 (W.D.N.Y. 1996) (departing upward for use of computer in child pornography offense). For all of the foregoing reasons the court increases the defendant's total offense level by four levels to 30. Adjusted three levels for acceptance of responsibility, this produces a total offense level of 27. The court therefore determines the guideline range as follows:

TOTAL OFFENSE LEVEL: 27

CRIMINAL HISTORY CATEGORY: I

INDICATING:

70 TO 87 MONTHS IMPRISONMENT

1 TO 3 YEARS SUPERVISED RELEASE

$12,500 TO $125,000 FINE PLUS COST OF IMPRISONMENT/SUPERVISION

$ N/A RESTITUTION

$ 150.00 SPECIAL ASSESSMENT

---

## IV. Sentence Selected.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Joe Canada, is hereby committed to the custody of the bureau of prisons to be imprisoned for a term of 78 months on each of counts one and two as to criminal Docket No. 95–89 and a term of 60 months on count one of criminal Docket No. 95–267, all to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years. This term consists of terms of 3 years on each count of conviction, all such terms to be served concurrently. Within 72 hours of release from custody, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on probation/supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions of supervised release and shall comply with the following additional conditions:

1. The financial disclosure condition;

2. The financial restriction condition;

3. The drug abuse treatment and/or testing condition;

4. The mental health treatment condition;

5. The search and seizure condition; and

6. The defendant shall pay any fine that is imposed by this judgment.

It is further ordered that the defendant shall pay to the United States the sum of $7,650.00, consisting of a fine in the amount of $7,500.00 and a special assessment in the amount of $150.00. The payment of the fine

shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at the rate of $200.00 per month. The special assessment shall be due immediately.

The court recommends that defendant receive psychological counseling while incarcerated and that he be incarcerated as near to Tuscaloosa, Alabama as possible to facilitate interaction with his family.

The court believes that defendant would benefit from the sex offender treatment program in Butner, North Carolina if he volunteers and when he becomes eligible.

## V. Departure from Guidelines.

The guideline range before upward departure exceeded 24 months, and as the court stated earlier, two aggravating circumstances existed that were of a kind or degree not adequately taken into consideration by the sentencing commission in formulating the guidelines that in these circumstances warranted a sentence different from that described by the guidelines. Those factors were prior sexual abuse of a minor and the use of a computer in distributing the material in issue.

The court's reasons for finding that these were aggravating circumstances were stated at length earlier in this opinion.

The fine imposed was a downward departure based on defendant's inability to pay the fine called for by the guidelines.