# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman ALAN J. LINDGREN
### United States Air Force

## ACM 38299

## 12 February 2014

Sentence adjudged 18 December 2012 by GCM convened at Spangdahlem Air Base, Germany. Military Judge: Jefferson Brown (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter.

Appellate Counsel for the United States: Colonel Don M. Christensen and Gerald R. Bruce, Esquire.

Before

ORR, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

ORR, Senior Judge:

On 18 December 2012, the appellant pled guilty before a military judge sitting alone as a general court-martial. After the providence inquiry the military judge accepted the appellant's pleas and found the appellant guilty of conspiracy to possess and use psilocybin mushrooms; dereliction of duty; failure to obey a lawful regulation; failure to obey a lawful order; wrongful possession and introduction of cocaine onto a military installation; and wrongful use of marijuana and psilocybin mushrooms, in violation of Articles 81, 92, and 112a, UCMJ, 10 U.S.C. §§ 881, 892, 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, and reduction to E-1.

The appellant raises two issues: (1) Whether this Court should order a sentence rehearing in light of the dismissal of the appellant's conviction in a prior court-martial; and (2) Whether his guilty plea to Specification 2 of Charge IV was improvident.

*Prior Conviction*

On 11 July 2010, the appellant was driving his car at a speed in excess of 200 kilometers per hour on the Autobahn near Bitburg, Germany. The appellant lost control of his car as he approached a curve and the car crashed into a guard rail. The car flipped over several times causing blunt force injuries to the heads of Airman First Class (A1C) AJ and A1C BM who were passengers in the appellant's car. Both Airmen died on the scene. The appellant received relatively minor injuries. In April 2011, the appellant was tried by a military judge sitting alone and was found guilty of negligent homicide in violation of Article 134, UCMJ, 10 U.S.C. § 934.

On 18 December 2012, one year and eight months after the first court-martial, the appellant pled guilty to the conspiracy, dereliction of duty, failure to obey a lawful order and regulation, and drug related offenses described above. Consistent with Rule for Courts-Martial (R.C.M.) 1001(b)(3), during the sentencing proceeding at the latter court-martial, the military judge admitted into evidence a redacted copy of the appellant's conviction from his first trial, which was then still under appeal. Subsequently, on 16 April 2013, this Court set aside the findings and sentence and dismissed the charge and specifications of negligent homicide because the Government failed to allege the terminal element. *United States v. Lindgren*, ACM 37928 (A.F. Ct. Crim. App. 16 April 2013) (unpub. op.).

The appellant asks this Court to order a sentence rehearing in light of our dismissal of the negligent homicide conviction because the results of the earlier trial were used and relied upon in sentencing. We are convinced the sentence from his first trial had a materially prejudicial impact on the sentence in the case before us and therefore reassess the sentence.

In accordance with R.C.M. 1001(b)(3)(A)-(B), the prosecution may introduce evidence of a prior conviction even during "[t]he pendency of an appeal therefrom." However, if that prior conviction is later reversed on appeal, the legitimacy of the sentence is likely impacted. *See United States v. Tucker*, 404 U.S. 443, 447-48 (1972); *United States v. Alderman*, 46 C.M.R. 298, 302 (C.M.A. 1973). In such a case, we test for prejudice by determining whether the sentence in the latter court-martial "might have been different" had the conviction not been introduced during the sentencing phase. *Tucker*, 404 U.S. at 448; *Alderman*, 46 C.M.R. at 302.

In determining whether the prior conviction had a prejudicial effect, we must consider whether the evidence would have otherwise been admissible during sentencing. *United States v. Tanner*, 63 M.J. 445, 447 (C.A.A.F. 2006). After doing so, we are confident that the underlying misconduct for the appellant's prior conviction for negligent homicide would not be admissible under R.C.M. 1001.

During the sentencing portion of the court-martial, there were several references to the appellant's previous conviction for negligent homicide. Multiple prosecution exhibits listed the conviction, including the Court-Martial Order from the previous court-martial, the Personal Data Sheet, and one of the appellant's Enlisted Performance Reports. Although their admission was proper at the time of the trial, the subsequent dismissal of the charge and specifications from his first trial made this information irrelevant. Moreover, the Government's sentencing argument began with the appellant's prior conviction and was referenced repeatedly by trial counsel. In fact, the military judge sustained an objection from trial defense counsel and warned trial counsel to focus on the offenses before the court.

Given the facts of this case, we find no basis for which this information would have otherwise been admissible. Because trial counsel offered the appellant's prior conviction into evidence and mentioned multiple times during his sentencing argument that the conviction showed the appellant's lack of rehabilitative potential, we believe the previous conviction had a prejudicial effect on the sentence in this case.

*Providency of the Guilty Plea*

In his second assignment of error, the appellant asserts his guilty plea to Specification 2 of Charge IV was improvident because the military judge did not inquire about the potential defense of entrapment. We review a military judge's decision to accept or reject an accused's guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). The decision to accept a guilty plea will be set aside only where the record shows a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

On 2 June 2012, the appellant and his friends decided to go snowboarding at Snow World, an indoor sports resort in the Netherlands. During the drive the group discussed consuming psilocybin mushrooms and all agreed to stop at a store in Maastricht, the Netherlands, to buy some on their return trip. However, by the time the group arrived in Maastricht, the store was closed. As result, the appellant and one of his friends decided to use the restroom before they drove back to Spangdahlem Air Base, Germany, where they were stationed. At that time, two men approached the group and offered to sell them marijuana. The appellant and his friends declined the offer for marijuana, because it would remain in their system too long, but asked whether the men had any other drugs. After a short discussion, the group purchased four grams of cocaine.

On the drive back to the base, the group decided to use the cocaine at A1C MB's house off base. As part of a prearranged plan, A1C MB, an informant working for the Air Force Office of Special Investigations (AFOSI), told the group that he left his car keys on base so they needed to return to Spangdahlem Air Base before going to his house. A1C MB purposely left his keys on base so that he could lure the others on base while they were in possession of the drugs. No one in the car objected to returning to the base to get the keys and the group was pulled over by members of AFOSI and Security Forces after they passed through the front gate.

At trial, the appellant pled guilty to Specification 2 of the Charge IV, which reads:

> In that [the appellant] did, at or near Spangdahlem Air Base, Germany, on or about 2 June 2012, wrongfully introduce some amount of cocaine, onto an installation used by the armed forces or under the control of the armed forces, to wit: Spangdahlem Air Base, Germany.

The appellant admitted he engaged in the alleged conduct and acknowledged that he had no legal justification for committing the offense. He now argues, however, that his plea was improvident because the military judge did not did not ask him whether the defense of entrapment was applicable to his case. In essence, the appellant challenges the providency of his guilty plea because the military judge failed to evaluate or discuss whether the appellant was predisposed to introduce the cocaine onto the installation or did so because of A1C BM's pre-designed plan, during the *Care*[*] Inquiry. We disagree.

During the providence inquiry, the appellant stated the plan was to return to base to get A1C MB's keys and then leave to use the cocaine at A1C MB's house. As part of his inquiry, the military judge discussed the difference between the principal actor and an accomplice. He further defined the role of a co-conspirator to the appellant. The appellant agreed that he was guilty under that theory. He further admitted he had no legal or medical justification or excuse for introducing the cocaine onto the base and he could have avoided doing so as no one forced him. Additionally, the appellant signed a stipulation of fact wherein he agreed his "introduction of cocaine onto a federal installation was wrongful because he had no legal justification or authorization. [He] could have avoided introducing cocaine onto a federal installation if he had wanted to."

Although the actions of A1C BM were paramount to initiate the offense, nothing in the record indicates there was actual inducement. *See United States v. Howell*, 36 M.J. 354 (C.M.A. 1993) ("Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, 'persuasion, fraudulent representations, threats, coercive tactics, harassment, [or] promises of reward.'") (quoting

---

[*] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

*United States v. Stanton*, 973 F.2d 608 (8th Cir. 1992)). Instead, the AFOSI confidential informant provided the opportunity for the offense through "stratagem." *See United States v. Hall*, 56 M.J. 432 (C.A.A.F. 2002) (citations omitted).

The military judge was well aware of A1C BM's status as a confidential source for AFOSI and the appellant's stated purpose for bringing the cocaine onto the installation. A1C BM's actions and his status as a confidential source raises the possibility of an entrapment defense. However, after viewing the appellant's actions in their complete context, the record contains sufficient evidence showing the appellant's predisposition to commit this offense. As a result, we find that the military judge did not abuse his discretion by accepting the appellant's plea. After considering the military judge's questions and the appellant's responses during the providence inquiry, we find that the appellant's claim that his plea was improvident is without merit.

*Sentence Reassessment*

Having found prejudicial error in the appellant's first assignment of error, we must next determine whether we should reassess the sentence or order a sentence rehearing. This Court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986). This analysis is based on a totality of the circumstances with the following as illustrative factors: dramatic changes in the penalty landscape and exposure, the forum, whether the remaining offenses capture the gravamen of the criminal conduct, whether significant or aggravating circumstances remain admissible and relevant, and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15.

In this case, the penalty landscape has not changed, and the appellant pled guilty to the charges and specifications before the military judge. The sentence in this case was also determined by a military judge sitting alone so we have greater certainty as to what the result would have been, absent the error. Moreover, the military judge specifically noted the sentence would be based on the offenses before the court-martial, not the previous conviction that trial counsel referenced during sentencing argument. The evidence of the conspiracy, dereliction of duty, failure to obey a lawful order and regulation, and multiple drug related offenses would still be relevant and admissible. Additionally, all of these are the type of offenses with which we have experience and familiarity. Based on the totality of the circumstances in this case, we are satisfied that absent the error the military judge would have adjudged no less than a bad-conduct discharge, forfeiture of all pay and allowances, confinement for 9 months, and reduction

to E-1.  We also find, after considering the appellant's character, the nature and seriousness of the offenses, and the entire record, that the reassessed sentence is appropriate.  Article 66(c), UCMJ, 10 U.S.C. § 866; *Sales*, 22 M.J. at 307-08.

## *Conclusion*

The findings and sentence as reassessed are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).  Accordingly, the findings and the sentence, as reassessed, are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38299